UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANN SYLVESTER, | ) | CASE NO. 4:23-cv-778 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong (Doc. No. 11) with respect to plaintiff Ann Sylvester's ("Sylvester") request for judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. The R&R recommends affirmance of the Commissioner's decision. Sylvester has filed objections to the R&R (Doc. No. 12 (Objections)), and the Commissioner has filed a response to the objections. (Doc. No. 13 (Response to Objections).) Sylvester then filed a reply. (Doc. No. 14 (Reply).) Upon *de novo* review and for the reasons set forth below, the Court hereby overrules Sylvester's objections, accepts and adopts the R&R, affirms the Commissioner's decision, and dismisses this case.

I.  **BACKGROUND**

The R&R accurately and thoroughly recounts the procedural history and the factual background as evidenced from the record. (*See* Doc. No. 11, at 1–5.) No objections have

been filed with respect to this background. It is, therefore, adopted by the Court.

For the sake of context, it is helpful to know that Nancy Berryhill, the Acting Commissioner of the Social Security Administration at the time, ratified the appointment of the ALJ who oversaw Sylvester's case. (Doc. No. 8, at 5.) Berryhill was designated Acting Commissioner on January 21, 2017 and served until November 16, 2017. (Doc. No. 11, at 11.) On April 17, 2018, then-President Donald J. Trump nominated another individual to be the Commissioner, and Berryhill resumed serving as Acting Commissioner until the new Commissioner was sworn in. (*Id.*) During this time, Berryhill ratified the appointments of ALJs, including the one who presided over Sylvester's case. (*Id.* at 11–12.) Sylvester argued in her merits brief that under the Federal Vacancy Reform Act (FVRA), Berryhill was not permitted to resume her service as Acting Commissioner in April 2018. (*Id.* at 12.)

The FVRA provides:

Except in the case of a vacancy caused by sickness, the person serving as an acting officer as described under section 3345 may serve in the office –

(1) For no longer than 210 days beginning on the date the vacancy occurs; or

(2) Subject to subsection (b), once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

5 U.S.C. § 3346(a). Sylvester argued that because Berryhill had served as Acting Commissioner for 210 days in 2017, she was not permitted to serve in this role again in 2018. (Doc. No. 11, at 11–12.) In the R&R, the magistrate judge concluded that Sylvester's argument failed and the FVRA permitted Berryhill's 2018 service. (*Id.* at 12.)

Additionally, in the administrative hearing, the Administrative Law Judge (ALJ) found that Sylvester was capable of performing her past relevant work "as actually

2

performed." (Doc. No. 6 (Transcript of Administrative Proceedings), at 35–36.) On this basis, the ALJ determined that Sylvester was not eligible for DIB during the relevant period. (*Id.* at 36.) In her merits brief, Sylvester argued that this finding was erroneous. (Doc. No. 8 (Plaintiff's Brief on the Merits), at 12–19.) She asserted that the ALJ had determined that she could perform her past work on the basis that she was able to perform "light work" for 40 hours per week, but the vocational expert's (VE) testimony did not account for Sylvester having purportedly worked more than 40 hours per week in her past job. (*Id.* at 14–16.) The Commissioner argued that Sylvester had waived this challenge by failing to raise it at the administrative hearing. (Doc. No. 9 (Defendant's Brief on the Merits), at 7–8.) In the alternative, the Commissioner argued that substantial evidence supported the ALJ's findings because Sylvester "provided varied and inconsistent testimony about her work activities" and the number of hours she worked per week. (*Id.* at 8.) The magistrate judge determined that Sylvester had waived this challenge and thus did not consider it on the merits. (Doc. No. 11, at 8.)

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "'such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley v. Sec'y of Health & Hum. Servs.*, 393 F.3d 115, 117 (6th Cir. 1994)) (further quote omitted).

### B.  Objection One: Waiver of Challenges to VE's Testimony

Sylvester first contends that the Magistrate Judge erred in finding that she had waived her challenge to the VE's testimony by failing to raise it at the administrative proceeding. (Doc. No. 12, at 3–8.) She argues that this determination created a "judicially imposed issue exhaustion requirement." (*Id.* at 3.)

The Sixth Circuit has explained that a claimant's failure to object to a VE's testimony at an administrative proceeding waives their right to raise that objection in the district court. For example, in *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 836 (6th Cir. 2006), the plaintiff argued that the ALJ had erred in determining the onset of the plaintiff's disability. The ALJ had elicited testimony relevant to the disability onset date from a VE. *Id*. at 837. The plaintiff's counsel did not object to the testimony or cross-examine the VE, however, because he thought the burden was on the ALJ to establish the onset date and that the VE's testimony up to that point was sufficient for the plaintiff to win the case. *Id.* The Sixth Circuit determined that "counsel may not now complain" about the substance of the VE's testimony "because he failed to cross examine [the VE] when he had an opportunity to do so" at the administrative hearing. *Id.* Similarly, in *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 982 (6th Cir. 2011), the plaintiff argued that the testimony the VE had given at the administrative hearing was unreliable. The Sixth Circuit explained, "Yes, the vocational expert's testimony could have been further refined; but as the district court pointed out, plaintiff's counsel had the opportunity to cross-examine, but . . . did not probe the deficiency now identified on

4

appeal." *Id.*

Other district courts within the Sixth Circuit have made similar determinations. *See, e.g.*, *Harris v. Comm'r of Soc. Sec. Admin*, No. 1:11-cv-1290, 2014 WL 4434078, at *4 (N.D. Ohio Sept. 24, 2012) ("Plaintiff may not now complain because the ALJ relied upon the VE's description of Plaintiff's past work when Plaintiff failed to raise this issue during the hearing."); *Stevens v. Comm'r of Soc. Sec.*, No. 2:14-cv-2186, 2016 WL 692546, at *12 (S.D. Ohio Feb. 22, 2016) (finding that claimant could not object to the ALJ relying upon the VE's testimony when claimant "did not complain or otherwise alert the ALJ that she believed [the VE] had mischaracterized her job"), *report and recommendation adopted*, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016); *Turner v. Comm'r of Soc. Sec.*, No. 2:19-cv-900, 2019 WL 5781608, at *7–8 (S.D. Ohio Nov. 5, 2019) (finding in the alternative that even if the VE misclassified claimant's past relevant work, claimant waived any objections to the ALJ's reliance on the VE's testimony by not raising the issue at the hearing), *report and recommendation adopted*, 2020 WL 132269 (S.D. Ohio Jan. 13, 2020); *Coakwell v. Comm'r of Soc. Sec.*, No. 1:19-cv-2876, 2020 WL 7711125, at *10 (N.D. Ohio Dec. 29, 2020) ("[A] plaintiff forfeits arguments regarding deficient VE testimony where no cross-examination is conducted to probe the deficiency."). Because Sylvester's counsel failed to raise the potential conflict between the VE's testimony and the evidence of record at the administrative hearing, the magistrate judge correctly determined that the issue is waived.

The cases Sylvester cites do not change this result because they are inapposite. *McCarthy v. Madigan* held that a prisoner was not required to exhaust prison administrative remedies before filing a constitutional claim for money damages against prison employees in federal court. 503 U.S. 140, 142, 149, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). *Ramsey*

5

*v. Comm'r of Soc. Sec.*, on the other hand, held that claimants are not required to raise a challenge under the Appointments Clause of the United States Constitution in a Social Security proceeding in order to preserve the issue for judicial review. 973 F.3d 537, 540 (6th Cir. 2020). Therefore, neither of these decisions apply to this case because it involves neither a question of exhaustion of administrative remedies nor an Appointments Clause challenge. Furthermore, as discussed above, Sixth Circuit precedent is clear on waiver of challenges to a VE's testimony. It is therefore unnecessary for this Court to consider the factors the Sixth Circuit and the Supreme Court have outlined for determining whether to impose an issue exhaustion requirement.

### C. Objection Two: "*Post-Hoc* Rationalization"

Sylvester asserts that the Commissioner's argument that substantial evidence supported the Commissioner's decision was based on a *post-hoc* rationalization and that this Court should therefore reject the Commissioner's argument. (Doc. No. 12, at 9.) Specifically, she argues that because the ALJ did not find that her testimony regarding her work activities and hours was "varied and inconsistent[,]" this argument by the Commissioner constitutes a *post-hoc* rationalization. (*Id.* at 10.)

Because this Court has determined that the magistrate judge correctly found that Sylvester's argument regarding the VE's testimony was waived, this objection is moot. Therefore, this objection is rejected.

### D. Objection Three: ALJ "Not Properly Ratified"

Sylvester argues that the magistrate judge erred in finding that Berryhill was properly serving as the Acting Commissioner when she resumed her service in 2018 following the appointment of a new Commissioner, after she had already served for 210 days the previous

6

year. (Doc. No. 12, at 10.) As a result, Sylvester asserts, the ALJ who denied her application (who was appointed by Berryhill in 2018) lacked the authority to do so. (*Id.*)

The magistrate judge was correct in concluding that "[t]he FVRA establishes two timelines for acting service"—one allowing service "for no longer than 210 days beginning on the date the vacancy occurs[,]" and one beginning "once a first or second nomination for the office is submitted to the Senate" and lasting "for the period that the nomination is pending in the Senate." (Doc. No. 11, at 13 (quoting 5 U.S.C. § 3346(a)).) As the magistrate judge explained, the use of the word "or" to separate these clauses, combined with the word "once" at the start of the second clause, indicates that a person may serve as Acting Commissioner during one of each of these timelines. (*Id.* at 14–15); *see Seago v. O'Malley*, 91 F.4th 386, 391 (5th Cir. 2024) (citation omitted) ("The use of the word 'or' to separate the two subsections confirms that these two periods can operate independently."); *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 87, 138 S. Ct. 1134, 200 L. Ed. 2d 433 (2018) (explaining that "or" is "almost always disjunctive"); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979) (stating that Congress's use of the word "or" indicates that one term should not be read to "modify" the other). This conclusion is further supported by the fact that the statute does not require a nomination for a Commissioner to be submitted within 210 days of an Acting Commissioner beginning their service. (Doc. No. 11, at 15.)

Moreover, all three of the circuits that have considered whether Berryhill was permitted to serve in 2018 under the FVRA determined that she was. *See Rush v. Kijakazi*, 65 F.4th 114 (4th Cir. 2023), *cert. denied sub nom. Rush v. O'Malley*, 144 S. Ct. 999, 218 L. Ed. 2d 20 (2024); *Seago*, 91 F.4th at 393; *Dahle v. Kijakazi*, 62 F.4th 424 (8th Cir. 2023),

7

*cert. denied sub nom. Dahle v. O'Malley*, 144 S. Ct. 549, 217 L. Ed. 2d 293 (2024). Numerous district courts, including ones in the Sixth Circuit, have reached the same conclusion. *See, e.g.*, *Joseph F. v. Comm'r of Soc. Sec.*, No. 22-12593, 2023 WL 3853682, at *7–8 (E.D. Mich. June 6, 2023); *Sherrill v. Kijakazi*, No. 22-cv-2325, 2023 WL 2772126, at *1–2 (W.D. Tenn. Apr. 4, 2023).

Even if Berryhill was not properly serving as the Acting Commissioner in 2018, this would not justify remanding Sylvester's case. Courts have routinely rejected arguments that that a Commissioner's lack of authority affected the validity of an ALJ's decision. *See, e.g.*, *Cutlip v. Kijakazi*, No. 1:20-cv-202, 2022 WL 812378, at *4–5 (W.D. Ky. Mar. 16, 2022) (finding that the plaintiff did not suffer a compensable harm as a result of the ALJ's unconstitutional appointment); *Lynch v. Comm'r of Soc. Sec.*, No. 1:21-cv-556, 2022 WL 614777, at *16 (N.D. Ohio Mar. 2, 2022) (finding that compensable injury was not established by claimant's assertion that the ALJ who decided the case was under the delegated authority of a Commissioner who had no constitutionally valid legal authority to delegate); *Bowers v. Comm'r of Soc. Sec.*, No. 2:20-cv-6024, 2022 WL 34401, at *7–8 (S.D. Ohio Jan. 4, 2022) (similar). Sylvester has not demonstrated any connection between the alleged impermissibility of Berryhill's service and the ALJ's decision denying her benefits, and has therefore failed to demonstrate a compensable injury. *Cf. Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1138 (9th Cir. 2021) ("[T]here is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions. And nothing commands us to vacate the decisions below on that ground."). For these reasons, the magistrate judge did not err in determining that the ALJ who oversaw Sylvester's case was properly ratified by Berryhill.

### III. CONCLUSION

For the reasons set forth herein, Sylvester's objections are overruled. The R&R is accepted and its reasoning adopted. The decision of the Commissioner to deny plaintiff's claims for disability insurance benefits is affirmed, and this case is dismissed.

**IT IS SO ORDERED**.

Dated: May 15, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**